### PRETZMAN, Will of in Re

Probate Court, Franklin County

No. 62762. Decided Dec. 2, 1944

D. W. Putman, Columbus, for Trustee.

Allen I. Pretzman, Columbus, Lawrence C. Pretzman, Columbus, E. W. Dillon, Columbus, Guardian ad litem.

## DECISION ON APPLICATION FOR RECONSIDERATION OF FORMER DECISION

### OPINION

By McCLELLAND, J.

This matter comes before the Court on an application for a reconsideration of the Court's decision on exceptions to nine accounts filed by the Trustee of the trust created under the Will of Charles J. Pretzman, deceased.

The City National Bank & Trust Company upon filing its last account, in pursuance of its statutory authority, filed a motion for a rehearing on said account so as to obtain finality thereon. Allen I. Pretzman and Lawrence C. Pretzman, children and beneficiaries of the estate of Charles J. Pretzman, filed exceptions to the accounts and likewise there were exceptions filed by E. W. Dillon, the guardian ad litem appointed for two of the minor defendants who are also beneficiaries of the trust. These exceptions were filed in the form of answers although they are in fact exceptions to the account. The exceptions of Allen I. Pretzman raise the question as to the method of amortization used by the Trustee

in amortizing the premiums paid for the purchase of certain securities, and also the disposition of profit made upon the sale of those securities. He also excepts to the Trustee's treatment of certain expenses for repairs to the furnace in the residence property which is part of the corpus of the trust, also to the expense of replacement of hot water coil in the hot water heater at the same residence, also to the expense for replacement of plaster on the interior of the residence, also for a sum of money paid for replacement of shingles on the roof of the residence, and also an additional amount expended for painting the exterior of the same property. The same exceptor also raises the question as to the assessment of the costs of this proceeding, including the fee of the guardian ad litem of the minor residuary legatees. He also excepts to the expenditure of two hundred and twenty-five ($225.00) dollars for the installation of a black-top driveway at said residence.

The questions raised by the exceptions filed by Lawrence C. Pretzman are included in those raised by the exceptions filed by Allen I. Pretzman.

E. W. Dillon, as guardian ad litem for Allen B. Pretzman and Charles I. Pretzman, raises the question of the correctness of the Trustee's act in charging the costs of the black-top driveway to income rather than principal.

We will first take up the question of the allocation of the costs of repairs as hereinbefore referred to. The Trustee has charged all of these costs to income. The testator used the following language in his will:

"The taxes, assessments, adequate insurance and repairs, shall be kept up out of the income given to my wife, as hereinafter mentioned."

Were the expenditures complained of expenditures for repairs? If so, they must be charged to the income by virtue of the instructions given in the will. Mr. Bogart, at Section 600, in discussing the application of the word "repairs" uses the following language:

"The term 'repairs' is used in the law to indicate those changes in a building or other structure attached to land or in articles of personalty which are designed merely to keep the res intact and in its original operating condition as distinguished from 'improvements' which are extensions or ad-

ditions to land or personalty and often increase its value and productivity."

At Section 233 (i) on the Re-Statement of the Law of Trusts, we find the following language:

"The cost of putting into tenantable repair premises which were not in such repair when received by the trustee, whether originally acquired by the trustee as part of the trust property at the time of the creation of the trust or subsequently acquired by him, is payable out of principal; but the cost of thereafter keeping the premises in repair is payable out of income."

There is nothing in the evidence to indicate that repairs were necessary at the time this property came into the hands of the Trustee. The expenditures complained of were made to keep the property in a tenantable condition. So not only by virtue of the law but by virtue of the terms of the will of Mr. Pretzman, these repairs are properly chargeable against income. That portion of the exception is therefore overruled.

We next come to the matter of the allocation of the expense of the black-top driveway. The Trustee charged this against principal as being an addition which would increase the value of the property. The testimony discloses that prior to the installation of the black-top driveway there existed a gravel driveway, which during times of heavy rains washed out into the street and that constant attention to same was necessary to keep it in a usable condition. The black-top driveway was installed at the same place the gravel driveway had existed prior to that time. It is quite obvious that the gravel driveway could have been used with continuous repair jobs being made thereto, but this continuous repair has been obviated by the installation of a completely new black-top driveway. It is our opinion that this has to a certain extent increased the value of the property. On the other hand it has obviated the necessity of constant repairs to a driveway. which, if permitted to exist, would have been charged against income.

We therefore feel that the most equitable solution of this question would be to allocate one-half of the costs of the black-top driveway to principal and the other half to income. The exceptions therefore in that respect are sustained.

In disposing of the question of the costs of replacing a portion of a flat roof on a one-story portion of the building, the evidence convinces the Court that such a replacement of a portion of the roof is a repair and should be so treated. It is true that the repair was made by installing material more expensive than would have been required had it been repaired with material similar to that which formerly existed. In doing so, however, the Trustee obviated the necessity of making repairs which, undoubtedly, would have been more frequent had the original kind of material been used. We therefore overrule the exceptions in that respect.

The question which has given this Court the most difficulty is that raised as to the amortization of the premiums paid on the purchase of certain securities and the disposition of profit arising from the sale thereof.

The Trustee has amortized the premium covering a series of years from the date of purchase to the date of redemption and has deducted from the income a sufficient amount to consume the premium paid therefor. To this method of amortization the beneficiaries object. When the bonds were sold at a slight profit the profit was then added to the corpus of the trust. We have not been able to find a satisfactory answer to this question by examining the decisions of the courts of Ohio. In examining the decisions of courts of other states we find that the great majority of those courts have acted upon the principle that premium paid or discount enjoyed by the purchaser of securities should be amortized out of income, while a sale at a profit or loss should be added to or taken from the principal. One decision which most satisfactorily states the rule is that found in the Matter of Stevens, 187 N.Y., page 471, where the following language is used:

"Where trust funds are invested by a testamentary trustee in bonds having a term of years to run and purchased at a premium, in the absence of a clear direction in the will to the contract, such a proportionate deduction should be made from the nominal interest as will, at the maturity of the bonds, make good the premiums paid and thus preserve the principal of the fund intact; a surrogate decree, therefore, in a proceeding settling the trustee's accounts awarding to a life tenant as income the whole amount of the interest coupons is erroneous."

Scott on Trusts, Section 239.2, reads as follows:

"It sometimes happens that where the Trustee purchases bonds at a premium, the bonds subsequently rise in value in spite of the fact that the date of maturity is nearer. This may be the result of a general fall in interest rates of investments or of an increased confidence in the security of the bonds. In such a case, if the trustee has set aside a part of the interest as an amortization fund, and subsequently sells the bonds at more than he paid for them, so that in fact the anticipated depreciation in value of the bonds has not occurred, the question arises whether the fund so accumulated remains principal of the trust, or whether the life beneficiary is entitled to it as income. It has been held that it remains principal."

The Editor cites New England Trust Co. vs. Eaton, 140 Mass. 532.

Estate of Wells, 156 Wisc. 294.

With reference to the allocation of profit or loss we find in 131 A. L. R. at page 1432, a rule stated as follows:

"The courts seem to hold, practically without exception, that all losses are to be charged against corpus and that all gains are to be added to corpus."

We therefore come to the conclusion that the Trustee used the proper method in amortizing the premium paid on the bonds, and also in disposing of the profits derived from the sale thereof.

The sole remaining question is that raised by the life beneficiaries as to the costs of the proceeding. The law under which this proceeding is being conducted is of recent enactment. The statute now provides that one wishing a hearing on an account must file a motion asking the court to set the account for hearing. If such motion is filed, the court must appoint a guardian ad litem for minors or incompetents. All interested persons must be notified and any interested person may file exceptions to the account. The exceptions were filed as hereinbefore noted and a guardian ad litem was appointed who not only made a thorough examination of all of the accounts, but also filed his answer as hereinbefore stated. It has always been a general rule that costs of a hearing on an account should be charged against the estate. It is our opinion that the provisions of the statute above referred to by which a fiduciary may obtain finality in his account is in harmony with public policy. We also feel

that if the costs, or any part of same, are charged against the fiduciary, we will be confronted with the situation in which the fiduciary would be asking for fees of such an amount as to cover either directly or indirectly the costs of the proceedings.

The sole and only question remaining is whether or not the costs of the preceedings should be assessed against the corpus or against both the corpus and income. A guardian ad litem was appointed for the sole protection of the minor beneficiaries. It is our opinion that the costs or fees of the guardian ad litem should be charged against the interests of those whose rights were being represented and that the remainder of the costs should be assessed against the income of the estate.